**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KARI BARS                                                                                                  PLAINTIFF

VS.                                              No. 4:11-cv-00397-JLH

SUMNER GROUP, INC., d/b/a
DATAMAX OFFICE SYSTEMS, INC.                                               DEFENDANT

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RULE 26(F) CONFERENCE, OR PERMIT DISCOVERY WITHOUT RULE 26(F) CONFERENCE AND FOR A PROTECTIVE ORDER

Defendant Sumner Group, Inc. opposes Plaintiff's motion and asks that it be denied. Defendant has not refused to participate in a Rule 26(f) conference, but simply was unprepared to move forward on Plaintiff's expedited timetable immediately following entry of the Initial Scheduling Order and instead proposed a date well within the timeframe established by the Court for the conference.  In that respect, Plaintiff's motion is unwarranted and premature.  As far as permitting discovery without the conference, Plaintiff has failed to offer any justification for expedited discovery.  Finally, forced entry of a protective order prior to the commencement of any discovery is also unwarranted and premature.  Plaintiff's motion should be denied.

1. **Factual Background:** The factual history is laid out very well in the attorney emails attached as Exhibit D to Plaintiff's motion.  Briefly, however, Plaintiff's counsel contacted Defendant's counsel by email with a draft Rule 26(f) report on May 24, approximately one week after Defendant filed its answer and two business days after the Court entered the Initial Scheduling Order giving the parties a deadline of July 25 to conduct the Rule 26(f) conference.  Plaintiff's counsel's email stated that he would file the report if he had not heard back within one week.  Defendant's counsel responded (on the same day) that she needed the time set aside in the Initial Scheduling Order to investigate the case, gather documents, and

identify witnesses, as allowed by Rule 26's discovery moratorium, and would not be in a position to begin discovery so quickly. A dispute followed, with Plaintiff's counsel insisting that the conference take place immediately and Defendant's counsel requesting time not only to investigate, but also to accommodate a busy schedule in June. Defendant's counsel ultimately proposed July 7 as a conference date. Plaintiff's counsel found this date acceptable *only if* Defendant's counsel agreed to waive all non-privilege objections to Plaintiff's discovery requests and not seek any extension of the dispositive motion deadline (which has not even been set yet). Without any basis to do so, Plaintiff's counsel predicted a "disagreeable future" and filed the instant motion. Defendant's counsel certainly regrets that the parties could not find an acceptable middle ground and that Plaintiff's counsel felt it necessary to involve the Court and take time away from productive, substantive work on the case.

2. **Rule 26 Process and Requirements:** Rule 26(a) obligates the parties to make certain disclosures without awaiting a discovery request,. Fed. R. Civ. P. 26(a). "Each disclosing party is required . . . to conduct a sufficiently diligent investigation into the evidence it has or controls to permit it to disclose the information concerning each category of the required initial disclosures of which it has or should have knowledge." 6-26 *Moore's Federal Practice - Civil* § 26.22.

3. In addition, a party has an obligation to participate in the Rule 26(f) process in good faith. *See* Fed. R. Civ. P. 26(f)(2). "The courts should . . . exercise their power to assure that counsel and the parties take their obligations at the discovery conference seriously, and should not tolerate half-hearted compliance with the letter or spirit of the Rule 26(f) discovery conference requirement." 6-26 *Moore's Federal Practice - Civil* § 26.143. "[P]atently perfunctory participation, or coming to the planning table substantially unprepared to address the

matters mandated by Rule 26(f)" should not be tolerated.  7-37 *Moore's Federal Practice - Civil* § 37.111.  There is a distinction between "unjustifiable failure to cooperate" and "justifiable insistence on fully protecting a client's rights." *Id.*

4. Here, Defendant's counsel has asked merely for time to get up to speed on the case before conducting the Rule 26(f) conference.  This is consistent with the obligation to participate in the conference in good faith and to be prepared to discuss the topics included therein.  Due to competing obligations, Defendant's counsel proposed a date in the future, but still well within the parameters set by the Court, so that she would have time to prepare appropriately.  Indeed, Defendant's counsel is *still* in the process of gathering preliminary documents and information concerning the case.  As such, this is not an "unjustified failure to cooperate," but rather "justifiable insistence on fully protecting [her] client's rights."  The parties still have ample time to conduct the Rule 26(f) conference by the Court's deadline, so this motion is unwarranted and premature and should be denied.

5. **Expedited Discovery:**  "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  The Eighth Circuit has not adopted a standard to determine whether a party is entitled to conduct expedited discovery, *see Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008), but courts in the Eighth Circuit have applied a good cause standard which requires the party requesting expedited discovery to show that the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to the responding party.  *See id.*; *Wachovia Securities, L.L.C. v. Stanton*, 571 F. Supp. 2d 1014, 1050 (N.D. Iowa 2008); *Monsanto Co. v. Sauceda*, No. 4:10-CV-2249 (CEJ), 2011

U.S. Dist. LEXIS 1499, at *4 (E.D. Mo. Jan. 7, 2011). For instance, in *Stanton*, a request for a preliminary injunction justified expedited discovery, and, in *Woods*, the potential for spoliation of evidence, including "weather and seed deterioration," justified expedited discovery. Here, Plaintiff has offered no reason for expedited discovery, so her request should be denied.

      6.    **Protective Order:** Rule 26(c) permits a party from whom discovery is sought to move for entry of a protective order. Fed. R. Civ. P. 26(c). The Court may enter a protective order only after the moving party has demonstrated that good cause exists for the protection of the material in question. *Id.* Here, the parties have conducted no discovery, and no discovery has been sought from Plaintiff. As such, there is no basis for entry of a protective order at this time, and Plaintiff has failed to meet her burden of showing "good cause" for one's entry. While Defendant's counsel appreciates Plaintiff's pre-emptive efforts to secure a protective order in anticipation that one might be needed, it is too early to know whether one will be needed and what specific protections may be required. Plaintiff's motion should therefore be denied as unwarranted and premature.

      WHEREFORE Defendant Sumner Group, Inc. respectfully requests that Plaintiff's motion be denied in full.

/s/ Eva C. Madison
Eva C. Madison (98183)
Littler Mendelson, P.C.
3739 Steele Blvd., Suite 300
Fayetteville, Arkansas 72703
Telephone: 479.582.6100
Fax: 479.582.6111
emadison@littler.com

Attorney for Defendant

-5-

## CERTIFICATE OF SERVICE

      I hereby certify that on June 20, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Lucien Gillham
Harrill & Sutter, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018

                                              /s/ Eva C. Madison

Firmwide:102310746.1 065213.1001